In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-3241

DAVID E. ROGERS, *et al.*,

*Plaintiffs-Appellees*,

*v.*

BAXTER INTERNATIONAL INC., *et al.*,

*Defendants-Appellants*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 6476—**Joan B. Gottschall**, *Judge*.

———————

ARGUED NOVEMBER 2, 2007—DECIDED APRIL 2, 2008

———————

Before EASTERBROOK, *Chief Judge*, and POSNER and
RIPPLE, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Plaintiffs are participants in
the retirement plan for Baxter International's employees.
Each participant exercises some control over the invest-
ments in an individual account in this defined-contribu-
tion plan, though the plan and its trustees may limit what
assets an account may contain and when trading may
occur. In this suit under the Employee Retirement In-
come Security Act, plaintiffs contend that Baxter and
some of the plan's trustees have violated §409(a), 29 U.S.C.

§1109(a), in their capacity as fiduciaries. The defendants' failing, according to the complaint, is that they allowed participants to invest in Baxter's stock, despite knowing that it was overpriced in the market and hence a bad deal.

The complaint points to two episodes of decline in the price of Baxter's stock. One occurred in July 2002, when Baxter announced second-quarter results that fell short of the firm's projections and the price of its stock immediately fell from $43 to $32. The other occurred in July 2004, when Baxter announced that it would restate recent financial results to correct for a fraud at its Brazilian subsidiary; that announcement led to a drop of $1.48 a share.

Both of these episodes precipitated suits under the securities laws. With respect to the 2002 episode, *Asher v. Baxter International Inc.*, 377 F.3d 727 (7th Cir. 2004), held that the complaint could not be dismissed under the defense for forward-looking statements in the Private Securities Litigation Reform Act of 1995, see 15 U.S.C. §78u–5(c). Since then the district court has held that none of the plaintiffs is eligible to represent a class, see *Asher v. Baxter International Inc.*, 505 F.3d 736 (7th Cir. 2007), so that suit is limping along on behalf of a few individual investors. With respect to the 2004 episode, a class was certified in the district court, but *Higginbotham v. Baxter International Inc.*, 495 F.3d 753 (7th Cir. 2007), held that plaintiffs failed to satisfy the standard that PSLRA establishes for pleading scienter. 15 U.S.C. §78u-4(b)(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007). PSLRA applies, however, only to the Securities Act of 1933 and the Securities Exchange Act of 1934. (Section §78u–4(b)(2), for example, applies only to a "private action arising under this chapter" of Title 17—the 1934 Act.) ERISA

is a different statute, in a different title of the United States Code. Plaintiffs seek to use ERISA to recover for events that as a result of PSLRA could not support an action on behalf of shareholders at large.

In order to pursue a claim under §409(a) of ERISA, the participants first need a private right of action. They invoked §502(a)(2) of ERISA, 29 U.S.C. §1132(a)(2), which says that suit may be brought "by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title". Relying on *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), defendants asked the district court to dismiss the suit. *Russell* holds that participants in a defined-benefit plan may use §502(a)(2) only when the loss is incurred by the plan as an entity. These participants suffered losses in their individual accounts; other participants whose accounts did not contain Baxter's stock were unaffected. The district court denied the motion to dismiss, 417 F. Supp. 2d 974 (N.D. Ill. 2006), but certified the decision for interlocutory review under 28 U.S.C. §1292(b), and we accepted the appeal. Proceedings were put on hold while *Higginbotham* was under advisement. Then, after the Supreme Court granted certiorari in a case that presented questions about the application of *Russell* to defined-contribution plans, we called for supplemental briefs. Oral argument was held last fall, but we deferred action until the Supreme Court released its opinion. This appeal is at last ready for decision.

*LaRue v. DeWolff, Boberg & Associates, Inc.*, 128 S. Ct. 1020 (2008), holds that §502(a)(2), and thus §409(a), may be used by the beneficiary of a defined-contribution account that suffers a loss, even though other participants are uninjured by the acts said to constitute a breach of fidu-

ciary duty. See also *Harzewski v. Guidant Corp.*, 489 F.3d 799
(7th Cir. 2007). That pretty much disposes of this appeal.

All that remains is defendants' insistence that partici-
pants not be allowed to use ERISA to get around limits
added to the securities laws by PSLRA. Defendants are
wrong, for two reasons.

First, this is not a securities suit. It is an action against
fiduciaries of a pension plan. To prevail, the participants
must show that defendants breached the duties they owed
as fiduciaries of pension funds, not whatever duties
Baxter and its managers owed to investors at large. The
sets of potentially responsible parties overlap only in-
cidentally. The defendants in securities actions are those
who made the fraudulent statements to the public or
caused them to be made; the defendants in this action
are those empowered to take decisions on behalf of the
pension plan. Pension fiduciaries are liable, or not, depend-
ing on what they know and what duties they have under
trust law; that Baxter may have tried to deceive investors
as a whole would not translate directly to liability
for trustees of Baxter's pension plan. Baxter itself is a
defendant, and its liability in a securities action may
depend on what its managers knew collectively, or what
it is responsible for under 15 U.S.C. §78t(a); the rules
for attributing knowledge under ERISA may or may not
be the same, an issue that the parties have not addressed.

Second, PSLRA does not amend or supersede ERISA. It is
limited, as we have mentioned, to the securities laws.
Unless one law expressly repeals or supersedes another,
or the two create inconsistent demands, both must be
enforced. See, e.g., *Branch v. Smith*, 538 U.S. 254, 273 (2003);
*J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred International, Inc.*,
534 U.S. 124, 141–44 (2001); *Randolph v. IMBS, Inc.*, 368

F.3d 726 (7th Cir. 2004). Nothing in the 1995 amendments to the securities laws either refers to ERISA or affects how trustees fulfil their duties under §409(a).

All we hold today is that participants in defined-contribution plans may use §502(a)(2), and thus §409(a), to obtain relief if losses to an account are attributable to a pension plan fiduciary's breach of a duty owed to the plan. Plaintiffs will need to establish that defendants knew the bad news in 2002 and 2004 and that, as a result, they had a duty under ERISA (which incorporates normal rules of trust law) to prevent participants from investing retirement funds in Baxter's stock. One question will be whether pension fiduciaries are obliged to allow or prevent investments for blocks of weeks or months at a time (when Baxter or some other stock is "overpriced"), rather than making decisions based on long-run considerations. People who pursue a buy-and-hold strategy, one particularly appropriate for pension investments, are unaffected by the volatility in market prices that accompanies the announcement of particular pieces of good and bad news. (Although retirees who draw on their pension portfolio in the immediate wake of bad news may be injured, plaintiffs have not advanced any arguments directed to this subclass of all pension participants.)

Plaintiffs maintain that defendants should not have allowed investment in Baxter's stock at *any* time. That avoids the problem we have mentioned, but to recover on this theory plaintiffs must demonstrate that Baxter's stock always is overpriced, and that defendants know it. That amounts to an assertion that pension fiduciaries have a duty to outsmart the stock market, a contention with little prospect of success. See *Nelson v. Hodowal*, 512 F.3d 347 (7th Cir. 2008). Anyway, if Baxter's stock is

always priced too high, pension participants will be the winners. Plaintiffs fear a collapse tomorrow, but if professional investment managers can't outsmart the stock market, judges can't either.

This is not to say that the price of all well-followed stocks is efficient in the sense of being right; it is only to say that investment managers who lack inside information rarely beat the market consistently. See Burton G. Malkiel & John G. Cragg, *Expectations and the Structure of Share Prices* (1982). Perhaps the defendants in this litigation did have inside information, but could they use it for plaintiffs' benefit? Plaintiffs' position seems to be that pension trustees are obligated to adopt a policy under which employees invest in a stock during periods of good news for the issuer but not during periods of bad news. The implication is that someone else (which is to say, investors at large) must bear the loss when bad news is announced, because the pension participants will have bailed out. Corporate insiders cannot trade on their own behalf using material private information, good or bad. See generally *United States v. O'Hagan*, 521 U.S. 642 (1997); *Dirks v. SEC*, 463 U.S. 646 (1983). In *Harzewski* we raised the question whether they may act on such information in their role as fiduciaries for pension plans. 489 F.3d at 808. That question remains unanswered but must be resolved in plaintiffs' favor if they are to prevail.

AFFIRMED

RIPPLE, *Circuit Judge*, concurring in the judgment. David E. Rogers, a participant in Baxter's defined-contribution retirement plan (the "Baxter Plan"), filed this class action under section 502(a)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2). The class alleges that the fiduciaries of the Baxter Plan violated their duties under ERISA, among other things, by selecting Baxter stock as an investment option when the fiduciaries knew or should have known that the stock's price was inflated. *See* ERISA § 409, 29 U.S.C. § 1109(a). Baxter filed a motion to dismiss, claiming that the Supreme Court's decision in *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134 (1985), prevented the class from suing under ERISA § 502(a)(2). In *Russell*, the Court held that, in the context of a defined-benefit plan, an individual plaintiff who does not sue to recover for a breach that harmed the entire plan may not use ERISA's private right of action provision, ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

The panel opinion appropriately concludes that the Supreme Court's recent decision in *LaRue v. DeWolff, Boberg & Associates, Inc. et al.*, 128 S. Ct. 1020 (2008), disposes of Baxter's argument that *Russell* prevents this suit. In *LaRue*, the Court held that the concerns that it had expressed in *Russell*, a case which dealt with defined-benefit plans, do not apply in the context of defined-contribution plans. The Court held that, in defined-contribution plans, "[w]hether a fiduciary breach diminishes plan assets payable to all participants and beneficiaries, or only to persons tied to particular individual accounts, it creates the kind of harms that concerned the draftsmen of § 409." *Id.* at 1025.

The majority's opinion also correctly disposes of Baxter's argument that the PSLRA[1] prevents this action. As the opinion explains, this action is not a securities suit, and the PSLRA does not amend or supercede ERISA.

The remainder of the panel's opinion comments on the class plaintiffs' theory of the case. As the panel frankly admits, this discussion is unnecessary to the disposition of the appeal before us. For that reason, I respectfully decline to join this discussion. This interlocutory appeal on a certified question is here on the denial of a motion to dismiss. We have affirmed the denial of that motion, and the case should now return to the district court where the lawyers ought to develop their case without any further counsel from judges of the court of appeals. The advice contained in the panel opinion is given without any adversarial briefing or oral argument and suggests strongly that no other view is possible or at least worthy of acceptance by the district court or by the other judges of this court. In my view, a more restrained prediction of what might develop in the course of this litigation is appropriate until the attorneys and the district court have had an opportunity to develop this case.

---

[1] Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (codified at 15 U.S.C. § 78u-4).